859 F.2d 921
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George ALEXANDER, Petitioner-Appellant,
v.
Dale FOLTZ, Respondent-Appellee.
 Nos. 87-1905, 87-1947.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1988.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner filed this action under 28 U.S.C. Sec. 2254 attacking the constitutionality of 1975 convictions for manslaughter and two counts of armed robbery. The district court denied the relief sought and this appeal followed. On appeal the parties have briefed the issues, petitioner proceeding pro se.
 
 
 3
 Upon consideration, we hold the district court correctly denied petitioner's request for habeas corpus relief. Petitioner's claim that the jury instructions were infirm under Sandstrom v. Montana, 442 U.S. 510 (1979), is of no moment for any error in this regard was harmless in light of the entire instruction. Any error which arose because of testimony referring to petitioner's prior incarceration was solely a result of petitioner's decision to testify to this effect before the jury. Petitioner was not prejudiced by the alleged deprivation of a preliminary hearing transcript or by the claimed failure of the prosecution to produce additional res gestae witnesses. Finally, petitioner cannot demonstrate ineffective assistance of counsel for failure to advance the preceding arguments in state court. A claim of ineffective counsel will not lie absent prejudice. Strickland v. Washington, 466 U.S. 668 (1984). All claims were eventually considered and rejected, therefore, no prejudice resulted from counsel's actions in this regard.
 
 
 4
 Accordingly, the judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.